1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6

7  WILLIAM G. LOTT,                    )      3:11-cv-00258-ECR-RAM
                                       )
8       Petitioner,                    )      **Order**
                                       )
9  v.                                  )
                                       )
10 U.S. DEPARTMENT OF LABOR, DEEOIC,   )
                                       )
11      Respondent.                    )
                                       )
12 _____)

13

14      This case arises out of a petition for judicial review (#1) of a

15 Decision and Order of the Final Adjudication Branch, U.S. Department

16 of Labor, DEEOIC ("DOL") denying Petitioner's eligibility for certain

17 wage-loss benefits under Part E of the Energy Employees Occupational

18 Illness Compensation Program Act, 42 U.S.C. § 7384 <u>et seq.</u>

19 ("EEOICPA").  Now pending before the Court is Respondent DOL's motion

20 to dismiss (#2).  The motion is ripe and we now rule on it.

21

22                         **I. Background**

23      In the mid-1960s, Petitioner worked in uranium mines in

24 Colorado for two years.  (Pet. at 1 (#1).)  At the time, Petitioner

25 was falsely told that the mines were safe.  (<u>Id.</u>)  In 2000, as a

26 result of numerous illnesses and injuries suffered by workers in the

27 uranium mines, Congress passed the EEOICPA.  Petitioner was awarded

28

1   benefits under the EEOICPA but was denied his third claim for wage
2   loss under Section E of the EEOCIPA.  (Id. at 2.)

3        On January 30, 2006, Petitioner file a claim with the DOL for
4   wage loss under Section E of the EEOICPA.  (Id.)  Respondent held a
5   hearing on the claim on November 17, 2010, and issued a denial on
6   February 11, 2011, which Petitioner now appeals.  (Id.)

7        Petitioner filed a petition for judicial review (#1) in this
8   Court on April 11, 2011.  On September 7, 2011, Respondent filed a
9   motion to dismiss (#2) pursuant to Federal Rules of Civil Procedure
10  12(b)(4) and 12(b)(5).  Petitioner responded (#4) on September 20,
11  2011, and Respondent replied (#5) on September 26, 2011.

12       On October 19, 2011, we issued a notice of intent to dismiss
13  (#6) pursuant to Federal Rule 4(m).  On October 20, 2011, Petitioner
14  submitted a certificate of service (#7), indicating that Petitioner
15  mailed a copy of the petition (#1) to Respondent via U.S. Mail on
16  August 4, 2011, within the 120-day period prescribed by Rule 4(m).

17

18                        **II. Legal Standard**

19       Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a
20  party to challenge the form of summons and the method of service
21  attempted by the other party, respectively.  "Federal Rule of Civil
22  Procedure 4 governs service of process in federal district court."
23  Brockmeyer v. May, 383 F.3d 798, 800 (9th Cir. 2004).  Once a party
24  challenges the sufficiency of service, the non-moving party bears
25  the burden of establishing that service was valid under Rule 4.  Id.
26  at 801 (citations omitted).

27

28                                 2

### III. Discussion

Respondent argues that dismissal for insufficient process is proper under Rule 12(b)(4) because Petitioner has never obtained issuance of a summons.  Respondent further argues that dismissal for insufficient service of process is warranted under Rule 12(b)(5) because petitioner has not served the U.S. Attorney's office or the U.S. Attorney General as required by Rule 4(i), which governs service of process on United States agencies.  Petitioner does not dispute that he has never obtained or served Respondent with a summons in this case, nor that he did not serve the U.S. Attorney General or the District Attorney.  Rather, Petitioner argues that Rule 4 does not apply to a petition for review because it is not a complaint, and further, that he has met all the requirements for service set forth in the EEOICPA at 42 U.S.C. § 7385s-6.

Petitioner's argument that the Federal Rules do not apply to this action because it was initiated through the filing of a "petition for review" rather than a "complaint" is unavailing.  Rule 1 provides that "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." See also FED. R. CIV. P. 2 ("There is one form of action - the civil action.").  This is not one of those proceedings specified in Rule 81 as exempt from the Federal Rules. See FED. R. CIV. P. 81.  Accordingly, the federal rules apply to this action in federal court by definition.  This interpretation is confirmed by the numerous federal courts applying the Federal Rules of Civil Procedure to actions, such as this one, seeking review of

3

an agency decision, including those petitions filed pursuant to the EEOICPA. See, e.g., Jordan v. U.S. Dep't of Labor, 352 F.App'x 187, 189 (9th Cir. 2009) (affirming district court's grant of summary judgment pursuant to Rule 56 in favor of DOL on petitioner's appeal of DOL's decision under the EEOICPA); Barrie v. U.S. Dep't of Labor, 805 F.Supp.2d 1140, 1144 (D.Colo. 2011) (granting respondent's 12(b)(1) motion to dismiss petitioner's action seeking review of DOL's denial of his wage-loss claim under part E of the EEOICPA); Harger v. U.S. Dep't of Labor, No. CV-06-5071-RHW, 2011 WL 534359, at *1-2 (E.D.Wash. Feb. 8, 2011) (denying defendant DOL's motion to dismiss plaintiff's EEOICPA claim under Rule 12(b)(6)); Willingham v. Dep't of Labor, 475 F.Supp.2d 607, 611-12 (granting DOL summary judgment pursuant to Rule 56 on plaintiff's claim seeking review of DOL's denial of her claim arising under the EEOICPA); see also S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1292 ("While we have recognized that an IDEA action resembles an administrative appeal for purposes of selecting the most analogous state statute of limitations, . . . we have never suggested that such actions are not 'civil actions' governed by the Federal Rules of Civil Procedure. . . . There is no basis for concluding that IDEA actions are not 'of a civil nature' simply because they have an appellate flavor in some respects.").

While Part E of the EEOICPA provides a procedure for appealing a decision by the DOL, it does not purport to supplant the Federal Rules as they apply in federal court:

> A person adversely affected by a final decision of the Secretary [of Labor] may review that order in the United

4

States district court . . . by filing in such court within
60 days after the date on which that final decision was
issued a written petition praying that such decision be
modified or set aside.  The person shall also provide a
copy of the petition to the Secretary.  Upon such filing,
the court shall have jurisdiction over the proceeding and
shall have the power to affirm, modify, or set aside, in
whole or in part, such decision.

42 U.S.C. § 7385s-6(a).  Upon its face, the statute does not seek to

supplant the federal rules, but rather provides a method for

conferring jurisdiction upon a federal court, rather than

prescribing rule of procedure once the action commences in federal

court.  Specifically, the provision requiring petitioners to provide

the Secretary of Labor with a copy of the petition does not state or

imply that such action constitutes service of process, nor that the

Federal Rules do not apply.  Again, the numerous federal courts

applying the Federal Rules to actions such as this one confirm this

interpretation.

Rule 4(i) governs service of process on United States agencies.

"To serve a United States agency . . . , a party must serve the

United States and also send a copy of the summons and of the

complaint by registered or certified mail to the agency."  FED. R.

CIV. P. 4(i)(2).  In order to serve the United States, a party must:

(A)  (i)  deliver a copy of the summons and of the
complaint to the United States attorney for the
district where the action is brought - or to an
assistant United States attorney or clerical
employee whom the United States attorney
designates in a writing filed with the court
clerk - or

(ii)  send a copy of each by registered or certified
mail to the civil-process clerk at the United
States attorney's office;

5

1  (B) send a copy of each by registered or certified mail to
2  the Attorney General of the United States at Washington,
   D.C.; and

3  (C) if the action challenges an order of a nonparty agency
4  or officer of the United States, send a copy of each by
   registered or certified mail to the agency or officer.

5  FED. R. CIV. P. 4(i)(1).  In sum, a party seeking to serve a United

6  States agency must send a copy of the summons and of the complaint

7  by registered or certified mail to the agency, to the relevant

8  United States attorney, and to the United States Attorney General in

9  Washington, D.C.

10  As noted above, once one party challenges the sufficiency of

11  service, the burden shifts to the non-moving party to establish that

12  service was proper under Rule 4.  Petitioner does not dispute that

13  he did not obtain a summons, nor has Petitioner established that he

14  served a summons on any party, as required by Rule 4(i).

15  Accordingly, dismissal for insufficient process is warranted under

16  Rule 12(b)(4).  Additionally, Petitioner does not dispute that he

17  did not serve a copy of the petition and a summons upon the United

18  States district attorney for the District of Nevada, nor did

19  Petitioner serve the United States Attorney General, as is also

20  required by Rule 4(i).  Accordingly, dismissal for insufficient

21  service of process is also proper under Rule 12(b)(5).

22

23  **IV. Conclusion**

24  The Federal Rules of Civil Procedure apply to this civil action

25  in federal court by definition.  For this reason, federal courts

26  apply the Federal Rules to actions such as this one seeking review

27

28                                    6

of a decision by the Department of Labor denying claims brought
pursuant to the EEOICPA.  Petitioner does not dispute that he did
not comply with Rule 4, governing service of process.  Accordingly,
the action must be dismissed for insufficient process and service of
process upon a United States agency under Rule 4(i).

**IT IS, THEREFORE, HEREBY ORDERED** that Respondent's motion to
dismiss (#2) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: April 12, 2012.

_____
UNITED STATES DISTRICT JUDGE

7